UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**PAMELA A. BECK**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**v.**　　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:25CV-631-JHM**

**CITY OF LOUISVILLE, KENTUCKY,** *et al.*　　　　　　　　　　　　　　　　　**DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Pamela A. Beck filed the instant *pro se* action. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and on a motion for a temporary restraining order [DN 4]. Upon review, the instant action will be allowed to proceed, and the motion for a temporary restraining order will be denied.

### I. SUMMARY OF FACTUAL ALLEGATIONS

In the complaint, Plaintiff sues the City of Louisville and Jane Doe Code Enforcement Officer in her individual and official capacities (collectively "Defendants") alleging First Amendment retaliation. [DN 1]. Since August 19, 2025, Plaintiff has filed three federal civil actions arising out of the alleged unlawful conduct of her commercial neighbor and the alleged failure by the city and its code enforcement officers to rectify the conduct. *See Beck v. Kron*, 3:25-CV-521-JHM; *Beck v. John*, 3:25-CV-603-JHM.

In this third action, Plaintiff alleges that she is suffering First Amendment retaliation at the hands of Defendants. She alleges that beginning in August 2022, "Plaintiff's neighboring commercial property began parking large commercial semi-trailers in a manner that **physically blocked Plaintiff's fence**, creating safety hazards and obstructing Plaintiff's lawful use and

enjoyment of her property." [DN 1 at 2]. She maintains that the trailers "also **obstructed Plaintiff's First Amendment expression**, specifically her right to display signage on her property fence addressing ongoing disputes and legal matters." [*Id.*]. On August 14, 2025, Plaintiff filed a complaint with Louisville Metro Code Enforcement Department reporting the "dangerous trailer violations and requesting enforcement action." [*Id.*]. Plaintiff describes the complaint as "**protected petitioning activity**" under the First Amendment. [*Id.*]. In addition to this activity, she erected a sign on her property regarding the matter which, according to Plaintiff, constitutes "**protected speech** under the First Amendment." [*Id.*].

Plaintiff asserts that on August 18, 2025, Code Enforcement Officer Chad Hess inspected Plaintiff's property, ignored the code violations of her neighbor's property, and cited Plaintiff for minor cosmetic issues on her property. [*Id.* at 3]. Plaintiff maintains that the selective enforcement of addressing "trivial matters while ignoring serious safety violations Plaintiff specifically reported" demonstrates a retaliatory animus. [*Id.*]. Similarly, Plaintiff claims that after she filed a follow-up complaint, Zoning Officer Cindy Calvelo visited Plaintiff's property, personally witnessed her neighbor's code violations, and took no corrective action against the business. [*Id.*].

Plaintiff maintains that on September 29, 2025, an unidentified City of Louisville code enforcement officer "appeared on the adjacent commercial property, walking alongside Plaintiff's fence and **photographing Plaintiff's property without notice or explanation**." [*Id.*]. Plaintiff complains that while the officer was wearing an official uniform, her official identification badge was deliberately turned backwards preventing identification. [*Id.*]. Plaintiff contends that the unknown code enforcement officer informed her that she was at the residence to inspect house repairs that Plaintiff was instructed to make. [*Id.* at 4]. Plaintiff represents that she had previously completed any required repairs. [*Id.*]. When Plaintiff attempted to record the officer, the officer

2

objected to the recording, refused to provide any identification, and abruptly walked away. [*Id.*].

Plaintiff further alleges:

> The officer's conduct—appearing unannounced, photographing the property, concealing her identity, citing a pretextual reason for the visit, refusing to provide identification, objecting to documentation, and leaving without addressing legitimate concerns—was **intended to intimidate and harass** Plaintiff in retaliation for her protected speech and petitioning activity.

[*Id.*].

As relief, Plaintiff seeks preliminary and permanent injunctive relief, compensatory and punitive damages, and other relief.

## II. INITIAL REVIEW

### A. Standard

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608–09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### B. Analysis

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The First Amendment prohibits the government from abridging the freedom of speech. U.S. Const. amend. I. Moreover, retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (per curiam). To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the

defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

### 1. Defendant Doe

Upon review, the Court will allow Plaintiff's First Amendment retaliation claim to proceed against Defendant Doe.

### 2. Defendant City of Louisville and Official-Capacity Claims against Defendant Jane Doe Code Enforcement Officer

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claim against Defendant Doe is actually brought against her employer, the City of Louisville (Louisville Metro Government). *Id*. at 165.

A municipality, such as the City of Louisville, cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff alleges that the retaliatory actions of the City of Louisville's code enforcement officers were carried out pursuant to one or more of the following:

    a. **Official municipal policy or practice** of retaliating against citizens who file complaints or engage in protected speech critical of the City or its enforcement practices;
    b. **Customs or practices** of selective enforcement against complainants while ignoring the violations they report;
    c. **Failure to train, supervise, or discipline** code enforcement officers regarding First Amendment retaliation, which failure amounts to deliberate indifference to the constitutional rights of citizens;
    d. **Ratification** of the retaliatory conduct by municipal policymakers who were aware of or should have been aware of the ongoing retaliation and failed to take corrective action.

[DN 1 at 6]. Plaintiff further asserts that the City's policies, customs, practices, and failure to act were the moving force behind the constitutional violations suffered by Plaintiff.

Upon consideration, <u>the Court will allow Plaintiff's First Amendment retaliation claim to proceed against Defendant City of Louisville</u>. In allowing the complaint to proceed, the Court passes no judgment on its merits or upon the ultimate outcome of this action.

### III. Temporary Restraining Order

A temporary restraining order is "an extraordinary remedy designed for the limited purpose of preserving the status quo pending further proceedings on the merits[.]" *Stein v. Thomas*, 672 F. App'x 565, 572 (6th Cir. 2016). It is considered an "extraordinary remedy" because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Reed v. Cleveland Bd. Of Ed.*, 581 F.2d 570, 573 (6th Cir. 1978) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974)). Under Rule 65, the Court may only issue a temporary restraining order without notice to the opposing party if certain conditions are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiff fails to certify any efforts made to give notice to the City of Louisville prior to filing the current complaint and the motion for temporary restraining order and fails to articulate a sufficient reason why such notice should not be required. [DN 4]. Instead, Plaintiff argues that "the escalating nature of the retaliation and the September 29 incident" justify the Court's consideration of immediate relief before Defendants' respond. [*Id.*]. The Court disagrees. A review of Kentucky state court records reflects that Plaintiff filed suit against her commercial neighbor(s) and others on June 27, 2025, in Jefferson Circuit Court, reflecting that this dispute between Plaintiff and her neighbor(s) started, at the latest, in June 2025. *See Beck v. Central Commerce Park, LLC*, Civil Case No. 25-CI-5162. In this current federal civil action, while Plaintiff characterizes the alleged retaliation as *escalating*, Plaintiff's motion for temporary restraining order does not reflect that characterization—the code enforcement officer did not enter Plaintiff's property or issue her a citation for unfinished house repairs—and does not justify issuing a restraining order without notice.

Because Plaintiff fails to meet the necessary procedural requirements, **IT IS ORDERED** that Plaintiff's motion for a temporary restraining order [DN 4] is **DENIED**. Because Defendants have not had the opportunity to respond, the Court will not address Plaintiff's motion for preliminary injunction at this time.

## IV. ORDER

Upon consideration, **IT IS ORDERED** that this action shall be randomly reassigned to a judge who draws cases from the Louisville jury division pursuant to General Order No. 25-08.

**IT IS FURTHER ORDERED** as follows:

(1) **The Clerk of Court shall issue summonses on Defendants once they are tendered by Plaintiff,** *see* **[DN 7], and the United States Marshals Service shall serve a copy of the**

**complaint [DN 1], the summonses, and this Order on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.** *See* **Fed. R. Civ. P. 4(c)(3). A copy of these documents shall also be mailed to the Jefferson County Attorney.**

(2) The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service, if required. *See* Fed. R. Civ. P. 5.

(3) As to the Jane Doe Defendant, the Court advises Plaintiff that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P 4(m). Because the Court is required to screen the complaint prior to service, the Court will count the 90 days from the date of this Order. **Accordingly, Plaintiff has until December 31, 2025, to move to amend her complaint to name Jane Doe Defendant or show good cause for her failure to do so**. Plaintiff is put on notice that her failure to meet the requirements of the Federal Rules of Civil Procedure could result in dismissal of this action as to this Defendant.

(4) Should Plaintiff change addresses during the pendency of this matter, Plaintiff must provide written notice of a change of address to the Clerk of Court and to Defendants' counsel. *See* LR 5.3(e).

(5) Plaintiff is **WARNED** that failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(6) This matter is referred to **Magistrate Judge Regina S. Edwards** pursuant to 28 U.S.C. § 636(b)(1)(A) for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Magistrate Judge Edwards is empowered to conduct any hearings necessary for the resolution of these issues as well as settlement conferences.

(7) The **Clerk of Court** is **DIRECTED** to mail Plaintiff a copy of the *Pro Se* **Non-Prisoner Handbook**.

Date: October 3, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants (as directed above)
Jefferson County Attorney (as directed above)
Magistrate Judge Edwards
4414.014